BOB PEMBERTON, Justice,
concurring.
I join in the majority’s judgment affirming the district court’s judgment affirming the Motor Vehicle Division’s final order, but depart from the majority’s analysis of Dutchman’s first issue. Construing sub-chapter M of occupations code chapter 2301 (a/k/a the “Lemon Law”) as a whole, as we are required to do,[1] section 2301.606 merely imposes a set of procedural requirements governing the Director’s administrative adjudication of the substantive rights and remedies created in sections 2301.603 and 2301.604. See Tex. Occ.Code Ann. §§ 2301.603, .604, .606 (West 2012). Consequently, the “opportunity to cure the alleged defect or nonconformity” contemplated by section 2301.606, subsection (c), entails the “reasonable number of [repair] attempts” that section 2301.604 makes a prerequisite for the remedy of replacement or return. Compare id. § 2301.604 with id. § 2301.606. But for the reasons stated in footnote 7 of the majority’s opinion, I agree that the unchallenged or undisputed facts would give rise to a rebutta-ble presumption under section 2301.605 that Dutchman (directly or through its agents) was afforded a “reasonable number of [repair] attempts” here and that substantial evidence would support a finding that this requirement was satisfied here. Id. § 2301.605. I also agree that substantial evidence supports the Director’s finding of a substantial impairment in value. See id. §§ 2301.601(1), .604. For these reasons, I concur in the judgment.

. See, e.g., Great-West Life & Annuity Ins. Co. v. Texas Attorney Gen. Child Support Div., 331 S.W.3d 884, 893 (Tex.App.-Austin 2011, pet. denied) ("We consider [a statute’s] words in context, not in isolation.’’) (citing State v. Gonzalez, 82 S.W.3d 322, 327 (Tex.2002)).